Joseph Freeman

907 Westwood blvd, 1019 Los Angeles, CA 90024

323.786.2508

Freemanlegalteam@gmail.com

Plaintiff (Pro-Se)



**FILED**

Jan 15 2025

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY            s/ armincortez            DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOSEPH FREEMAN,**<br><br>Plaintiff,<br><br>vs.<br><br>**City of San Diego, Alberto Zaragoza, Daniel Neifer, Garrett Edward Sheehan,**<br><br>Defendant(s) | **Case No.** **'25CV0104 JLS MSB**<br><br>**Complaint for:**<br>**VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 (FIRST AND FOURTH AMENDMENTS).**<br>**FALSE ARREST.**<br>**ILLEGAL SEARCH AND SEIZURE.**<br>**RETALIATION FOR PROTECTED ACTIVITY.**<br>**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.** |

COMES NOW the Plaintiff, Joseph Freeman (hereinafter referred to as "Plaintiff" or "Joseph Freeman"), who alleges and complains against Defendants, and each and all of them, as follows:

## INTRODUCTION

VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 (FIRST AND FOURTH AMENDMENTS).FALSE ARREST.ILLEGAL SEARCH AND SEIZURE.RETALIATION FOR PROTECTED ACTIVITY.INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS. - 1

1. Plaintiff **Joseph Freeman** brings this action to redress the violations of his constitutional rights under the First and Fourth Amendments, as well as California state law.

2. Plaintiff was unlawfully detained, searched, and retaliated against by Defendants while engaging in constitutionally protected First Amendment auditing activities, which included filming public officials in public spaces.

3. Defendants, acting under the color of law as employees of the City of San Diego and the San Diego Police Department (SDPD), engaged in a series of actions that violated Plaintiff's civil rights and caused him severe emotional and reputational harm.

4. Plaintiff seeks compensatory and punitive damages for these violations, as well as injunctive relief to prevent further retaliation.

## JURISDICTION AND VENUE

This Court has jurisdiction pursuant to **28 U.S.C. § 1331** (federal question) and **42 U.S.C. § 1983**, as this case arises under the U.S. Constitution and federal law.

Venue is proper in the **Southern District of California** pursuant to **28 U.S.C. § 1391(b)**, as theevents giving rise to this action occurred in San Diego, California.

## PARTIES

Plaintiff **Joseph Freeman** is a resident of Seattle, Washington, who regularly engages in lawful First Amendment auditing activities by recording public officials performing their duties in public spaces.

Defendant **City of San Diego** is a municipal corporation organized under the laws of the State of California, responsible for the policies, practices, and actions of the San Diego Police Department and its employees.

Defendant **Officer Alberto Zaragoza** is a Peace Officer employed by the SDPD and acted under the color of law during the events described herein.

Defendant **Officer Daniel Neifer** is a Peace Officer employed by the SDPD and acted under the color of law during the events described herein.

Defendant **Officer Garrett Edward Sheehan** is a Peace Officer employed by the SDPD and acted under the color of law during the events described herein.

VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 (FIRST AND FOURTH AMENDMENTS).FALSE ARREST.ILLEGAL SEARCH AND SEIZURE.RETALIATION FOR PROTECTED ACTIVITY.INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS. - 2

## FACTUAL ALLEGATIONS

1. Plaintiff is a First Amendment auditor who exercises his constitutional right to film public officials, including Peace Officers, performing their official duties in public spaces.

2. For approximately three months prior to the incident, Plaintiff had been routinely recording SDPD officers at **700 Grand Avenue, San Diego, CA**, particularly near the Shore Club and lifeguard shack area.

3. On **October 14-15, 2023**, at approximately **12:00 AM to 1:00 AM**, Plaintiff was filming public officials at the location when he was stopped by Defendants Zaragoza, Neifer, and Sheehan.

4. The officers alleged that Plaintiff had violated **California Vehicle Code § 211657** by riding an electric scooter on a one-way road. Plaintiff explained that his scooter's electric assist system had malfunctioned, requiring him to walk the scooter to the sidewalk due to a physical disability that limits manual pushing.

5. Despite this explanation, Defendants detained Plaintiff, confiscated his phone, and issued unlawful commands to stop recording. Defendant Neifer turned off Plaintiff's recording and placed him in handcuffs.

6. During the detention, Defendant Neifer made derogatory remarks, including: **"You think you can be above the law because you record,"** and referenced prior incidents where he claimed to have been struck with a phone.

7. Defendant Zaragoza escalated the situation by nearly drawing his firearm, despite Plaintiff being unarmed and nonviolent. Plaintiff's repeated requests for the officers to call a lieutenant were ignored.

8. After being released, Plaintiff continued recording the officers from a safe distance. Defendant Neifer falsely accused Plaintiff of being hostile and issued additional unlawful commands, further escalating the situation.

9. The officers failed to activate their body cameras until prompted by Defendant Neifer, despite department policies requiring immediate activation during such encounters.

VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 (FIRST AND FOURTH AMENDMENTS).FALSE ARREST.ILLEGAL SEARCH AND SEIZURE.RETALIATION FOR PROTECTED ACTIVITY.INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS. - 3

10. Plaintiff has experienced ongoing harassment and retaliation by SDPD officers since he began auditing activities in the area, including derogatory remarks about his appearance and profession.

## CAUSES OF ACTION

### COUNT ONE:

### Violation of Civil Rights

### Under 42 U.S.C. § 1983 (First and Fourth Amendments)

Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

Defendants, acting under color of law, violated Plaintiff's **First Amendment** right to record public officials in a public space by unlawfully detaining him, confiscating his phone, and turning off his recording.

Defendants also violated Plaintiff's **Fourth Amendment** right to be free from unreasonable searches and seizures by detaining him without probable cause and seizing his phone without a warrant or consent.

### COUNT TWO:

### False Arrest

Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

Defendants detained and arrested Plaintiff without probable cause, resulting in a deprivation of Plaintiff's liberty in violation of California state law.

### COUNT THREE:

### Illegal Search and Seizure

Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 (FIRST AND FOURTH AMENDMENTS).FALSE ARREST.ILLEGAL SEARCH AND SEIZURE.RETALIATION FOR PROTECTED ACTIVITY.INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS. - 4

Defendants conducted an illegal search and seizure by confiscating Plaintiff's phone and turning off his recording without a warrant, consent, or probable cause, in violation of Plaintiff's Fourth Amendment rights.

## COUNT FOUR:

### Retaliation for Protected Activity

Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein. Defendants retaliated against Plaintiff for exercising his First Amendment rights by detaining him, confiscating his phone, and making derogatory remarks about his recording activities.

## COUNT FIVE:

### Intentional Infliction of Emotional Distress

Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein. Defendants' conduct was extreme, outrageous, and intended to cause Plaintiff severe emotional distress. As a direct result of Defendants' actions, Plaintiff suffered significant anxiety, fear, and humiliation.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1. Compensatory damages in the amount of **$10,000.**
2. Punitive damages against individual Defendants.
3. Injunctive relief to prevent further violations of Plaintiff's rights.
4. Attorney's fees and costs pursuant to **42 U.S.C. § 1988.**
5. Any other relief the Court deems just and proper.

Verification:

I, Joseph Freeman, declare that the above mentioned facts are true and correct to the best of my knowledge and belief.

VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 (FIRST AND FOURTH AMENDMENTS).FALSE ARREST.ILLEGAL SEARCH AND SEIZURE.RETALIATION FOR PROTECTED ACTIVITY.INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS. - 5

Dated: January 01, 2025

Signature: __Joseph Freeman_____

Joseph Freeman

VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 (FIRST AND FOURTH AMENDMENTS).FALSE ARREST.ILLEGAL SEARCH AND SEIZURE.RETALIATION FOR PROTECTED ACTIVITY.INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS. - 6