UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH FREEMAN,<br><br>                              Plaintiff,<br><br>  vs.<br><br>CITY OF SAN DIEGO, ALBERTO ZARAGOZA, DANIEL NEIFER, GARRETT EDWARD SHEEHAN,<br><br>                              Defendants. | Case No.:  25v0104 DMS (MSB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REINSTATE CASE** |

On January 15, 2025, Plaintiff Joseph Freeman, proceeding pro se, filed the present case against Defendants alleging claims under 28 U.S.C. § 1983 and California law. In response to the Complaint, Defendants filed a motion to dismiss. Plaintiff did not file an opposition to the motion, and the Court granted the motion to dismiss and closed the case. Two weeks after the filing of that order, Plaintiff filed the present motion to reinstate his case. Defendants filed an opposition to the motion. Plaintiff did not file a reply, and the time for doing so has expired.

Plaintiff relies on Federal Rules of Civil Procedure 60(b)(1) and 60(b)(6) as the bases for his motion. Rule 60(b)(1) provides that a court may relieve a party from a final judgment or order on the basis of "(1) mistake, inadvertence, surprise, or excusable

neglect[,]" and Rule 60(b)(6) allows for relief from a final judgment or order for "(6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). Plaintiff, as the moving party, bears the burden to show he is entitled to relief under these Rules. *Paige v. Sacramento Cnty. Main Jail*, No. CIV S-08-2164-SPG PC, 2010 WL 5115415, at *1 (E.D. Cal. Dec. 8, 2010).

Plaintiff attempts to meet that burden by arguing first that he was prevented from filing his opposition to Defendants' motion to dismiss due to technical problems he experienced with the Court's electronic filing system. Plaintiff asserts those problems constitute excusable neglect under Rule 60(b)(1). "Excusable neglect is an equitable concept that takes account of factors such as 'prejudice, the length of the delay and impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Diaz v. Beard*, No. 13CV1438 L MDD, 2015 WL 5436898, at *3 (S.D. Cal. Sept. 15, 2015) (quoting *Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc.,* 375 F.3d 922, 927 (9th Cir. 2004)).

Turning to the first factor, Plaintiff asserts Defendants will not suffer any prejudice if his motion is granted. However, Defendants argue they will suffer prejudice as they will be forced to resume litigation in a case that has now been closed for over six months. The Court agrees that Defendants may suffer mild prejudice if this motion is granted. Therefore, this factor weighs slightly in favor of Defendants.

The second factor, the length of the delay, also slightly favors Defendants. Although Plaintiff waited only two weeks after entry of judgment to file the present motion, it has now been more than six months since the judgment was entered. The Court recognizes this is not an extreme delay, but it does weigh slightly in Defendants' favor.

The reason for the delay, namely Plaintiff's technical problems with the Court's electronic filing system, could weigh in Plaintiff's favor, but Plaintiff failed to provide the Court with any evidence to support these alleged problems. Absent any evidence, this factor, too, weighs slightly in favor of Defendants. *See Paige*, 2010 WL 5115415, at *2

(stating plaintiff failed to carry burden on Rule 60(b)(1) motion where he failed to provide evidence to support excusable neglect factors).

On the present record, the excusable neglect factors weigh slightly in favor of Defendants on Plaintiff's assertion that he experienced technical problems that prevented him from filing his opposition brief on time.

The only other basis for Plaintiff's motion is "a medical condition requiring treatment and rest," which Plaintiff alleges "materially impair[ed]" his ability to file his opposition on time. (Mot. at 1.) It is unclear whether this argument falls under Rule 60(b)(1) or 60(b)(6). To the extent it falls under Rule 60(b)(1), courts "rarely grant[ ] Rule 60(b)(1) motions on the basis of disability or illness, and even then only in the case of severe injury." *Rahimi v. San Francisco Mun. Transportation Agency*, No. 16-CV-02576-JST, 2017 WL 5665405, at *3 (N.D. Cal. Nov. 27, 2017). Regardless of which Rule applies, however, Plaintiff failed to provide the Court with any evidence to support his alleged personal illness. Absent any such evidence, Plaintiff has not met his burden to show he is entitled to relief.

For these reasons, the Court denies Plaintiff's motion to reinstate this case.

**IT IS SO ORDERED**.

Dated: January 14, 2026

_____
Hon. Dana M. Sabraw
United States District Judge